Appellant raised two issues in our brief. The first matter I'd like to talk about is the sentencing matter. The record makes clear that the appellant's sentencing was deficient because the district court did not do at least three things. There is a well-established protocol in this district and across the nation that a district court sentencing judge must follow. It's very clear. It's clear that the record does not show that the district court correctly computed any sentence on the record. So it's not a miscalculation case. There was no calculation here. So is it so it's your view that the judge did not have in his mind what the appropriate sentencing range was? Is that right? I believe the judge, in his mind, had an appropriate range. The same one that everyone else in the room had, apparently. Well, Your Honor, the record was not clear. There was no calculation. And so if it was in the judge's mind – And there was no calculation, though, that the defense proposed. Isn't that right? Your Honor, there in the record, the judge starts to address the sentencing calculation. The judge addresses the fact that he is considering or was considering giving the appellant a two levels off for acceptance of responsibility, and then digresses into the fact that the judge knew the appellant from prior contacts and never returns to the appellant's account. So the judge did not address the calculation presentation. So there is no – there was a start and no finish of the correct calculation. But he did give him the two levels off that he requested. Yes, he did. That's true. And then he came to a range that every – that the defense had understood they wanted. It's unclear that the defense at that level wanted that. The second point that's Again, that is not in the record. As Your Honor asked, there is a brief start to the guideline calculation that was started and never finished. That's the two levels off. Okay. So, I mean, other than – so I understand that you're – that you're unhappy that the district court didn't articulate certain things. Is there an error there? There is, Your Honor. In what he calculated? What's the error? There is, Your Honor. In some of the cases here, and I'm citing United States v. Grissom, 525 F. 3rd, 691, 9th Circuit, 2008, where there is no calculation, that equals procedural error. Okay. Is there – that wasn't exactly my question. My question is, is there an error in what the district court actually did that led to an inappropriate sentence for your client? There's an error because there is no record. So an appellant, a defendant who becomes an appellant, has the expectation of having a clear record for a public review. Counsel, I've now asked you the question twice. I'll try one more time. Did your client get the wrong sentence? Your Honor, we don't – What sentence should he have gotten? Because there's nothing in the record, Your Honor, I do not know whether he got the correct sentence. So you don't know whether your client got a bad sentence. He might have gotten the right sentence. He might have gotten a really good deal. Your Honor, I believe we don't know, so I don't want to assume. Counsel, if we send this back and ask the judge to start articulating things, is there a possibility he's going to come to the conclusion that it should have been a higher sentence? Your Honor, he could always not give the appellant the two levels off for acceptance. Yes, that's a risk. Yes. However, because this is such a bright-line protocol, where there's a failure to do that protocol, this case must be remanded. Was there a pre-sentence report? There was a pre-sentence report in this matter. And was the sentence that was given in accordance with what was recommended there? Your Honor, I am not sure that that was – that happened or not. I am not sure. There was a pre-sentence report. It was lower, though, than what was recommended, wasn't it? Your Honor, I think it was right within the range. Within the range. The court cites 33 to 41 months and then gave the high end edge of that range. Yes. So is the concern that the words were not said? Is that your concern, that the judge just simply did not say the words? Your Honor, my concern boils down to that, yes, it is. So had someone in the room said, we believe it should be X, and the judge said, I agree, but didn't say the words, is that error? No, Your Honor. The error would be the failure to calculate independently. That's the error. The third issue that is missing from the record is there's no adequate statement of reasons. It just didn't exist in the record. Well, was there an argument before the court? Your Honor, I was not counsel at that time. There was no argument before the court. The record is silent. The defense did not raise an objection. The defense didn't ask for any sentence? I don't see that in the record. That's correct, ma'am. I would like to now move on to my second issue. So the relief we're requesting in the sentencing issue is that this matter be remanded for resentencing. I believe that that's a bright line issue. The second issue is the evidentiary issue. This one, I'd like to start with citing a recent case from the Ninth Circuit. I did submit a 28J letter. It is United States v. Morales was the basis of the appellant's 28J letter. That is 12-10069 for the record. Isn't that distinguishable from the facts of this case? In a way, at the start, yes, it is. And it's distinguishable in a very, very interesting way, Your Honor. So the first issue is that the form that one of the arguments in United States v. Morales was the use and the admission, the improper admission of the I-826 immigration form. That's the same form that was used in our case. But the reasons are different. The reasons were the same, I believe, but in this way. The reason that the I-826 form was used in the appellant's case, my client's case, was to get an admission in front of the jury that he admitted in the form I-826 that he was an illegal alien. But your client was there in the room at the time. Isn't that right? At trial, yes, he was there. But in Morales, these were people that were long gone, and it was basically hearsay from their perspective. And there is the further difference of, yes, that's true. So here's the difference between Morales and this case, and I'll do this quickly. Okay. Morales was an alien-transporting, alien-smuggling case. There was a lot of other evidence against the defendant, the appellant in that matter, that had material witnesses, that had other I-826s, et cetera. This case has a lot less proof. If the court finds that the I-826 admission of my client was improper hearsay, and that was ruled upon, that the use of the I-826, regardless of who gave it, is improper hearsay. So if we look at that now and say, okay, based on Morales, that the I-826 in this case with Mr. Franco Reyes, which is the central and most damning piece of the case, is improperly used, this case also must be remanded for a new trial. In this case, your client admitted making the statement, but the question really was whether or not he should have been Mirandized. We did object. The objection was Miranda-based at trial. Right. Yes, sir. And then since we've come up, based on Griffith v. Kentucky, Mr. Morales, or Mr. Franco Reyes, the appellant in this matter, has the right to the benefit of the law at the time of his sentencing. So Morales comes in. So it's correct, Your Honor. The objection was Miranda. We briefed Miranda. Morales came in about a month ago. Counsel, did you file a motion to suppress in the trial court? Your Honor, there was no pretrial motion to suppress in the trial court. Okay. Then why haven't you waived this under Rule 12? Your Honor, we believe that the Miranda issue might have been waived, and we briefed Miranda in our brief. We conceded that that may be the issue. However, based on Griffith v. Kentucky, as we stand here today, the I-826 form has recently been found to contain inadmissible hearsay. That is the key part of the government's case. Right. But there are lots of errors that may occur during the course of a trial, and they are waived if they are not raised before the trial court. Your Honor, that Miranda issue, there was an objection to Miranda at trial. It wasn't briefed before trial. Correct. So you didn't raise anything under Rule 12? It was not raised. And under our jurisprudence, if you haven't raised it under Rule 12, then you forfeited on appeal, right? However, however, there was an objection to Miranda at the trial level. Your argument now is that some inadmissible evidence came in to which there was no ---- inadmissible hearsay came in to which there was no objection, and you're arguing that that authorizes you to relief. Is that it? In a sense, Your Honor, yes, correct. And we also did brief the 403 analysis. We believe that the district court, and in closing, that the district court judge as the ultimate gatekeeper and under Rule 403 should not have let that I-826 matter through, and now the recent decision with Morales shows why. Thank you so much. So it's interesting. Your theory has changed. Yes. Okay. All right. Very good. Ms. Segar. May it please the Court. Erika Segar on behalf of the District of Arizona. I'd like to start first, because the defense counsel did, talking about any alleged   error in the sentencing process. And in this case, there was no alleged error. I realize that the defense has made a point to put that the trial court in this matter did not specifically state the guideline range that he was using. But when you look at the context of the sentencing hearing, it's clear that everyone understood the guideline range that the court was applying. In fact, there was an objection filed to the guideline range in the pre-sentence report with regard to the two points for acceptance of responsibility. And the court addressed that when he determined what the guideline range is, saying, I will, in fact, give you those two points for acceptance of responsibility that result in a guideline range of 33 to 41 months. And that's also mirrored in the defense counsel's argument with regard to a proper sentence, wherein he asked for a sentence at the low end of the range of 33 to 41 months. So there is no error with regard to how the district court presented or conducted the sentencing hearing. With regard to the admission of the 826, first, as this Court has just pointed out, there was no motion to suppress that was filed before trial. And therefore, the government's first position is that the defendant has waived any right to, on appeal, contest the admission of that form. Even if there had been a motion to suppress filed, there still is not the record was not fully developed as to whether or not that document should or should not have been admitted. But I would note in the Morales decision, although I realize it is distinguishable in many, many different ways, this Court talked about whether or not a Field 826 was criminal in nature or administrative in nature, and specifically held that the 826s are completed whether or not the government has decided to prosecute someone criminally or just as an administrative removal or administrative matter. And that's mirrored, in fact, by the circumstances surrounding the 826 in this case. If you look at the testimony of Agent Walsh, he said on redirect that he had not fingerprinted the defendant, he had not been processed, he had no idea whether or what was going to happen ultimately to the defendant when he asked him where he was born and what his name was and biographical information to that effect. So your point is there was no reason to Mirandize? Correct. Assuming you haven't reached that issue, there was no reason in this case to Mirandize and based on the record before the Court. With regard to the defendant's statement that there was very little other evidence that supported a finding of alienage or conviction in this case, the government first introduced statements by Agent Lehman that the defendant has said that he was present in the United States without permission. There were statements that he made to Agent Walsh that were contained on the 826 but that were made to Agent Walsh. And then there was third, there was a sworn statement that was taken in 2008 by Agent Barron talking about when the defendant admitted that he was present in the United States illegally, more importantly in that case that he was born in Mexico and was not a natural born United States citizen. But in that case, he was Mirandized. He was Mirandized in that case, yes, Your Honor. The 2008 sworn statement was the result of a separate criminal prosecution. So the defendant's argument that there was not any other, there's very little other evidence in the record is not actually supported by the record of the trial court. And so even if this Court determines that the 826 was improperly admitted, the correct, there's no reason to remand the case back for a new trial because there was plenty of other evidence to support the defendant's alienage in the jury's finding that the defendant had violated the immigration laws of the United, or the criminal laws of the United States. If the court doesn't have any other questions, I will submit. There are no other questions. Mr. Seeger, we took, I'm sorry, Mr. McGuire, we took your time. I will allow you one minute if there's something the court needs to hear. No, no, thank you very much. I would just like to make one point and I will submit myself. Citing the case of Arizona v. Fulminante, 499 U.S. 279, and the relevant quote is, a defendant's or now appellant's admission of guilt is the most damning evidence available in our jurisprudence. And when the government solicited and we found now that it was inadmissible hearsay to solicit the I-826 and his admission in front of the jury, that was the most damning proof in an illegal reentry case where there were no other witnesses. There were no other material witnesses. There were government witnesses. But his own admission is the most damning point against him. Thank you very much. Thank you. We thank both counsel for the argument. The case is ordered and submitted. The next case on the oral argument calendar is Jernigan v. Baker.
judges: Beistline, Schroeder, Bybee